# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7657 | **DATE** | 1/7/2003 |
| **CASE TITLE** | USA ex rel. Alfred Martin vs. Guy Pierce, Warden | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Alfred Martin's Petition for Writ of Habeas Corpus is DENIED.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 0 8 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 14 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | 03 JAN -8 AM 8:11 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |



FILED
JAN - 7 2003

JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

UNITED STATES OF AMERICA,
ex rel. Alfred Martin,

        Petitioner,

v.

GUY PIERCE, Warden,

        Respondent.

Case No. 01 C 7657

Hon. Harry D. Leinenweber



DOCKETED
JAN 0 8 2003

## MEMORANDUM OPINION AND ORDER

Petitioner Alfred Martin ("Martin") was convicted by an Illinois jury of first degree murder and sentenced to fifty years imprisonment. After an unsuccessful direct appeal and post-conviction petition, Martin filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting eight grounds for possible relief. Because Martin has either procedurally defaulted on his claims or fails to present any error warranting habeas relief, the petition must be denied.

## BACKGROUND

Martin does not challenge the Illinois Appellate Court's factual findings in his petition. Accordingly, the Court adopts the facts set forth by the Illinois Appellate Court in *People v. Alfred Martin*, No. 1-96-1128, and the following summary of the relevant facts is drawn from that opinion.

On November 8, 1993, Martin's wife, Jacqueline, came to Martin's apartment to ask him for money and to find out if Martin had purchased a coat for their daughter. When Martin refused to give her money, Jacqueline and Martin got into an argument that escalated into a physical altercation. Martin claimed that he held Jacqueline tightly to keep her from kicking and swinging her arms, and that he held her in this manner until she stopped moving. Martin called a friend, FBI agent Ben McIntosh, and asked him to come over right away because he and his wife had been wrestling and she was not breathing. Martin was taken into custody that day and subsequently charged with first degree murder.

Martin stood trial before a jury on January 16, 1996. At trial, the jury heard the testimony of Dr. Edmond Donaghue, Chief Medical Examiner for Cook County. Dr. Donaghue testified that, in his judgment, Jacqueline's death was a homicide and that she died of strangulation due to compression of the neck and chest. Dr. Donaghue also testified that it would take a minimum of two minutes of pressure for someone to die from chest or neck compression.

Also testifying at trial was Jacqueline's eleven year-old daughter, Shannon Carr. Shannon testified that on August 22, 1991, Martin climbed up to her bedroom window and asked to be let in the house. Shannon refused. Shannon testified that she then heard the downstairs glass door shatter. Shannon then heard her mother screaming and saw that her face had been cut. Shannon then called

the police. Officer Stan Mullins responded to the call. Officer Mullins testified that he arrested Martin and placed him in the squad car. Officer Mullins also testified that while in the squad car, Martin told him that he "should've killed the bitch." The jury also heard evidence regarding a September 21, 1991 incident where Martin again entered Jacqueline's home with the intent to commit violence.

After hearing all the evidence, the jury found Martin guilty of first degree murder on January 19, 1996. Martin was subsequently sentenced to imprisonment for a term of fifty years. Martin appealed his conviction to the Illinois Appellate Court claiming that: (1) the trial court erred in allowing the State to disclose Shannon Carr as a witness on the eve of trial without granting the defense a continuance; (2) the first degree murder conviction should be reduced to involuntary manslaughter; and (3) Martin's fifty-year sentence was excessive and should be reduced. The Illinois Appellate Court affirmed Martin's conviction and his petition for leave to appeal was denied by the Illinois Supreme Court on June 3, 1998. Martin filed a petition for post-conviction relief with the Circuit Court of Cook County on November 24, 1998 stating ten possible grounds for relief. The trial court denied the post-conviction petition on February 3, 1999. The Illinois Appellate Court affirmed the denial of Martin's post-conviction petition on March 21, 2000 and his petition for leave to appeal

this decision was denied by the Illinois Supreme Court on October 4, 2000.

On October 2, 2001, Martin filed the instant petition for writ of habeas corpus. In his habeas petition, Martin raises the following claims for relief:

(1) Martin was denied effective assistance of appellate counsel when counsel refused to take issues of merit to direct appeal;

(2) The trial court erred in allowing the State to disclose Shannon Carr as a witness on the eve of trial without granting the defense a continuance;

(3) The trial court abused its discretion when, during the cross-examination of Martin, it allowed the State to ask questions about other crimes that the State could not prove;

(4) The trial court abused its discretion by allowing the weapon from the August 1991 incident to go to the jury during deliberations;

(5) The State committed prosecutorial misconduct when the prosecutor knowingly introduced and argued perjured testimony at trial to establish intent;

(6) The State committed prosecutorial misconduct when the prosecutor told the jury how it should weight the evidence at trial, which had a burden-shifting effect on the defense;

(7) Martin was denied effective assistance of counsel at trial; and

(8) Martin's fifty-year sentence was excessive.

## **DISCUSSION**

Section 2254 of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") entitles a prisoner to a writ of habeas corpus if he is being held in prison pursuant to a state court judgment obtained in violation of rights guaranteed by the United States Constitution. 28 U.S.C. § 2254; *Williams v. Taylor*, 529 U.S. 362, 375 (2000). For any claim that was adjudicated on the merits in state court proceedings, a federal court may not grant a writ of habeas corpus unless the state court decision: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1) & (2); *Ellsworth v. Levenhagen*, 248 F.3d 634, 638 (7th Cir. 2001). A federal court may not, however, address the merits of a claim contained in a habeas corpus petition unless the petitioner can show that he has exhausted his state remedies and avoided procedural default. *Bell v. Pierson*, 267 F.3d 544, 551 (7th Cir. 2001). A petitioner exhausts his state remedies and avoids procedural default by presenting his claims fully and fairly to the state courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The Court will consider first examine those claims that are

noncognizable or procedurally defaulted and then address the merits of Martin's remaining claims.

### *Noncognizable Claims*

Martin argues that his fifty-year sentence for first degree murder is excessive in light of his lack of criminal history and his potential for rehabilitation. In considering a petition for habeas relief, a federal court must defer to the prerogative of the state legislature to determine the sentences imposed for state crimes. *See Rummel v. Estelle*, 445 U.S. 263, 275 (1980). Generally, if a sentence imposed by the trial court is within the range established by Illinois law, its severity is not sufficient grounds for relief on federal habeas corpus. *Henry v. Page*, 223 F.3d 477, 482 (7th Cir. 2000).

A person convicted of first degree murder in Illinois may be sentenced to serve twenty to sixty years in prison. 735 ILCS 5/5-8-1(a)(1). The record indicates that the trial court did consider Martin's lack of adult criminal history, but still found that a fifty year sentence was appropriate based on the seriousness of the offense. The sentence was within the proscribed range and there is nothing in the record to indicate an abuse of discretion sufficient to make Martin's excessive sentence claim cognizable on federal habeas. *See King v. Cahill-Masching*, 169 F. Supp. 2d 849, 855 (N.D. Ill. 2001).

Martin also contends that the trial court abused its discretion when it allowed the State to disclose witness Shannon Carr on the eve of trial and refused to grant a defense-requested continuance. The day before the trial was to begin, the State informed the defense that it intended to call Shannon Carr to testify regarding a previous attack Martin committed against his wife. The defendant requested a continuance so that it could interview Shannon in a neutral setting. The State offered to instead make Shannon available for an interview the next day and the trial court denied the defense motion.

A state trial court's failure to grant a continuance is not generally cognizable on federal habeas unless it can be shown that the error caused the trial to be fundamentally unfair, in violation of a federal constitutional right. *Searcy v. Greer*, 768 F.2d 906, 912 (7th Cir. 1985). In this case the defense knew that the state already planned to call another witness, Officer Mullins, regarding the same events testified to by Shannon Carr and was therefore prepared to address the subject matter of Shannon's testimony. The defense was also provided with an opportunity to interview Shannon before she testified. The trial court's decision to deny Martin's motion for a continuance was not an abuse of discretion that resulted in a fundamentally unfair trial. This claim also fails to implicate matters cognizable on a petition for federal habeas relief.

## *Procedural Default*

Before a federal court may consider a petitioner's claim that his state conviction or sentence was obtained in violation of the Constitution, he must first have given the state courts a full and fair opportunity to review the claim. Failure to present a claim to the state's highest court results in procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A procedural default may occur: (1) when a petitioner fails to raise an issue on direct appeal or post-conviction review, or (2) when a state court clearly relies on a state procedural bar as an independent basis for its denial of relief. *Farrel v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). When a petition has procedurally defaulted on a claim, a federal court will only review such defaulted claims if the petitioner can show: (1) cause for failure to raise the claim, and actual prejudice resulting therefrom; or (2) that refusal to consider the defaulted claim would result in a miscarriage of justice, meaning that the constitutional violation has "probably resulted in the conviction of one who is actually innocent." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

In this instance, the post-conviction court determined that, under Illinois procedural rules, Martin had waived the following issues by failing to raise them on direct appeal: (1) the trial court abused its discretion when it allowed the state to ask questions about other crimes that the State could not prove during

Martin's cross-examination; (2) the trial court abused its discretion by allowing the weapon from the August 1991 incident to go to the jury during deliberations; (3) the State committed prosecutorial misconduct when the prosecutor knowingly introduced and argued perjured testimony at trial to establish intent; (4) the State committed prosecutorial misconduct when the prosecutor told the jury how it should weigh the evidence; and (5) Martin was denied ineffective assistance at trial. Martin now seeks to raise these very issues in his present habeas petition. Although the post-conviction court went on to state that each of these claims could also be rejected on the merits, that court's clear and unambiguous finding of procedural default is sufficient to foreclose Martin from seeking federal habeas relief on these grounds. *See Fernandez v. Sternes*, 227 F.3d 977, 978 (7th Cir. 2000). Nor is there anything in the record requiring this Court to conclude that a refusal to consider the defaulted claim would result in a miscarriage of justice. The claims listed above are procedurally defaulted and habeas relief cannot be granted on any of these claims.

### *Merits*

Martin does have one claim that is both cognizable on federal habeas and has been properly preserved: ineffective assistance of appellate counsel. *Strickland v. Washington*, 466 U.S. 668 (1984) established the standard for ineffective assistance of counsel, and

though it is phrased in terms of ineffective assistance of trial counsel, it can also be used as a basis for evaluating claims of ineffective assistance of appellate counsel. *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1985). Under *Strickland*, ineffective assistance of counsel is established by showing that (1) the representation fell below the constitutionally acceptable minimum and (2) the petitioner was prejudiced by the substandard representation. *Id.* A failure to establish *both* defective performance and prejudice will doom a claim of ineffective assistance of counsel. *Velarde v. United States*, 972 F.2d 826, 828 (7th Cir. 1992). To establish that the appellate representation fell below the constitutionally acceptable minimum, the petitioner must show that appellate counsel failed to raise a significant and obvious issue. *Gray*, 800 F.2d at 646. Such a failure will be considered prejudicial if "there is a reasonable probability that, but for [counsel's] unprofessional errors, the result of the proceedings would have been different." *Partee v. Lane*, 926 F.2d 694, 701 (7th Cir. 1991)(citing *Strickland*, 466 U.S. at 687-88).

Martin argues that his counsel on direct appeal should have raised those claims that the post-conviction court found to be waived. Martin's appellate counsel reviewed the record and decided to presented three issues on direct appeal: (1) the trial court erred in allowing the State to disclose Shannon Carr as a witness on the eve of trial without granting the defense a continuance; (2)

the first degree murder conviction should be reduced to involuntary manslaughter; and (3) Martin's fifty-year sentence was excessive and should be reduced. This Court has reviewed the record of the trial proceedings and finds that the decision of Martin's appellate counsel to limit the direct appeal to these issues was reasonable and does not amount to constitutionally deficient representation. Even if appellate counsel's failure to raise on direct appeal those issues later raised by Martin on post-conviction could be deemed constitutionally inadequate representation, the Court finds no basis to believe that the result of the proceedings below would have been different had those issues been raised. *Partee*, 926 F.2d at 701.

## CONCLUSION

For the reasons set forth above, Martin's petition for writ of habeas corpus must be **DENIED**.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: January 7, 2003