Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7657 | **DATE** | 4/2/2003 |
| **CASE TITLE** | USA ex rel. Alfred Martin vs. Guy Pierce | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  ENTER MEMORANDUM OPINION AND ORDER: Petitioner's Motion for Issuance of a Certificate of Appealability is DENIED as to the Excessive Sentence claim and GRANTED as to all other claims.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | APR 07 2003 | |
| | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | 17 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| WAP | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES OF AMERICA,
ex rel. Alfred Martin,

    Petitioner,

v.

GUY PIERCE, Warden,

    Respondent.

Case No. 01 C 7657

Hon. Harry D. Leinenweber

**DOCKETED**
APR 0 7 2003

## MEMORANDUM OPINION AND ORDER

On January 19, 1996, an Illinois jury convicted Petitioner Alfred Martin (the "Petitioner") of first degree murder. Petitioner was sentenced to fifty years imprisonment. His direct appeal and post-conviction petition were unsuccessful and on October 2, 2001, Petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This Court denied Petitioner's habeas petition on January 7, 2003. Presently before the Court is Petitioner's Motion for Issuance of a Certificate of Appealability pursuant to 28 U.S.C. § 2253. For the following reasons, Petitioner's motion is granted in part and denied in part.

## CERTIFICATE OF APPEALABILITY

In order to appeal a district court's denial of habeas relief, a state prisoner must seek and obtain a certificate of appealability (a "COA"). 28 U.S.C. § 2253(c)(1)(A). A district court may issue a COA "only if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000), the Supreme Court set forth the methodology to be used in evaluating a request for a COA. Where a district court has rejected a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. Where a district court has rejected a petitioner's constitutional claims "on procedural grounds without reaching the prisoner's underlying constitutional claim[s], a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* The Supreme Court, in *Miller-El v. Cockrell,* 123 S. Ct. 1029 (2003), recently cautioned that a "COA does not require a showing that the appeal will succeed," *id.* at 1039, and explained that "a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail," *id.* at 1040.

## DISCUSSION

Petitioner seeks a COA as to the following issues: (1) whether Petitioner was denied his Sixth Amendment right to effective assistance of appellate counsel; (2) whether the trial court erred in allowing the State to disclose a crucial witness on the eve of trial

- 2 -

without granting the defense a continuance; (3) whether the trial court abused its discretion when it permitted the State, on cross-examination of Petitioner, to ask questions about other crimes that the State could not prove; (4) whether the trial court abused its discretion by allowing the weapon from an earlier incident involving Petitioner and the victim to go to the jury during deliberations; (5) whether the State committed prosecutorial misconduct when the prosecutor knowingly introduced and argued perjured testimony at trial to establish intent; (6) whether the State committed prosecutorial misconduct when the prosecutor told the jury how it should weight the evidence at trial, which had a burden-shifting effect on the defense; (7) whether Petitioner was denied his Sixth Amendment right to effective assistance of counsel at trial; and (8) whether Petitioner's fifty-year sentence was excessive.

### *Ineffective Assistance of Appellate Counsel*

Petitioner argues that he was denied his Sixth Amendment right to effective assistance of counsel when counsel on direct appeal failed to raise several claims of merit and failed to present all of the relevant facts in the issues that were raised. To establish ineffective assistance of counsel, Petitioner must show, under the standards articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), that (i) his "counsel's representation fell below an objective standard of reasonableness," *id.* at 688, and (ii) "there is a reasonable probability that, but for

counsel's professional error, the result of the proceeding would have been different," *id.* at 694.

Petitioner's appellate counsel raised three issues on direct appeal: (1) the trial court erred in allowing the state to disclose a crucial witness on the eve of trial without granting the defense a continuance; (2) the first degree murder conviction should be reduced to involuntary manslaughter; and (3) Martin's fifty-year sentence was excessive and should be reduced. In his post-conviction petition, Petitioner raised a total of eleven claims, five of which the post-conviction court determined had been waived when Petitioner failed to raise them on direct appeal. As a result of the post-conviction court's finding, this Court also found that those five claims were procedurally defaulted and denied habeas relief on those claims.

While this Court found that the decision of Petitioner's appellate counsel to limit the direct appeal to three issues did not satisfy the *Strickland* test, it concedes that reasonable jurists could find its assessment "debatable or wrong." *Slack*, 529 U.S. at 484. As a result, the Court grants Petitioner's request for a COA as to this claim.

### Procedurally Defaulted Claims

This Court turns next to Petitioner's request for a COA on claims three through seven, as they are related to his request for a COA on his ineffective assistance of appellate counsel claim. As discussed above, this Court found that claims three through seven were procedurally defaulted because Petitioner had failed to raise

- 4 -

them on direct appeal. Petitioner, however, asserts that the ineffective assistance of his appellate counsel caused this procedural default. It is well accepted that "[a]ttorney error that constitutes ineffective assistance of counsel is cause to set aside a procedural default." *Franklin v. Gilmore*, 188 F.3d 877, 883 (7th Cir. 1999) (citing *Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991)). Therefore, by granting a COA on the ineffective assistance of appellate counsel claim, this Court must also grant a COA as to whether these claims were procedurally defaulted.

### *Witness Disclosure*

Petitioner's second habeas claim is that the trial court abused its discretion when it permitted the State to disclose a critical witness, Shannon Carr, on the eve of trial and then refused to grant a continuance to the defense so that it could prepare for her testimony. A state trial court's failure to grant a continuance is usually only cognizable on federal habeas if the error caused the trial to be fundamentally unfair, in violation of a federal constitutional right. *Search v. Greer*, 768 F.2d 906, 912 (7th Cir. 1985). This Court found that Petitioner's claim failed to meet this standard and was, therefore, noncognizable on a petition for federal habeas relief. The Court based its finding on the fact that the State had timely informed the defense that it would call a witness, Officer Mullins, to testify about the same events testified to by Shannon Carr, and on the fact that the defense was provided an opportunity to interview Shannon before she testified. Under these

circumstances, this Court found that the trial court's decision to deny Petitioner's motion for a continuance did not result in a fundamentally unfair trial in violation of Petitioner's constitutional right.

Shannon Carr, however, was eleven years at the time of trial and testified about an event that she witnessed almost five years earlier. While she testified about the same general episode as Officer Mullins, she was the only witness to testify about the events that took place before Mullins arrived. Moreover, Shannon testified about a previous altercation between the victim, her mother, and Petitioner, testimony that was arguably quite damaging to the Petitioner. Reasonable jurists could disagree with this Court's determination that the trial court's denial of a continuance did not prejudice Petitioner's right to a fair trial and, as a result, this Court grants Petitioner's request for a COA as to this claim.

### *Excessive Sentence*

Finally, Petitioner argues that his fifty-year sentence was excessive in light of his lack of criminal history and his potential for rehabilitation. The severity of a sentence that falls within the range established by state law is not generally grounds for relief on federal habeas corpus. *Henry v. Page*, 223 F.3d 477, 482 (7th Cir. 2000). If the sentence were "extreme" and "grossly disproportionate to the crime," *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997), however, it could constitute a constitutional violation.

In this case, Petitioner's sentence fell within the sentencing range established by Illinois law for first degree murder. *See* 735 ILCS 5/5/8/1(a)(1) (proscribing a range of twenty to sixty years in prison for first degree murder). This Court saw nothing in the record to indicate an abuse of discretion sufficient to make Petitioner's final claim cognizable on federal habeas. *See Ewing v. California*, 123 S. Ct. 1179, 1186 (2003) ("federal courts should be reluctant to review legislatively mandated terms of imprisonment" (internal quotation marks omitted)). While Petitioner's sentence fell at the high end of the sentencing range, the Court does not believe that reasonable jurists could find that a fifty-year sentence for first degree murder was either unconstitutionally extreme or grossly disproportionate. As a result, this Court denies Petitioner's request for a COA on this claim.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion for Issuance of a Certificate of Appealability is **DENIED** as to the Excessive Sentence claim and **GRANTED** as to all other claims.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: April 2, 2003